# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADINE R. GRACE,<br><br>                          Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A., et al. ,<br><br>                          Defendants. | CASE NO. 12cv2050-GPC-NLS<br><br>**ORDER REMANDING CASE TO STATE COURT AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>[DKT. NOs. 4-5] |

On July 18, 2012, Plaintiff filed a complaint against Wells Fargo Bank and World Savings Bank in San Diego Superior Court asserting eleven causes of action, all under California state law. On August 20, 2012, Defendant Wells Fargo removed the action to federal district court. (Dkt. No. 1.) On August 27, 2012, Defendants filed a motion to dismiss. (Dkt. No. 4.) On September 18, 2012, Plaintiff filed a motion to remand the case to state court. (Dkt. No. 5.) Based on the reasoning below, the Court **GRANTS** Plaintiff's motion to remand the case to state court and **DISMISSES** Defendant's motion to dismiss as moot.

## DISCUSSION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "District courts...have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where all parties to the action are "citizens of different states."  28 U.S.C. § 1332(a).  "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; *see also* Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir.2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441.

This case arises from the alleged wrongful foreclosure of Plaintiff's home.  Defendant Wells Fargo Bank, N.A., removed the action on the basis of diversity jurisdiction.  For complete diversity to be present, all plaintiffs must have citizenship different from all defendants.  *See* Caterpillar Inc. V. Lewis, 519 U.S. 61, 68 n.3 (1996).  It is undisputed that Plaintiff is a citizen of California.  It is also undisputed that Defendant Wells Fargo Bank, N.A. has its main office in South Dakota, and therefore is a citizen of that state.  *See* Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) (holding that a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located").  Plaintiff does not contest that Wells Fargo Bank is a citizen of South Dakota.  In the motion to remand, Plaintiff contends that Defendant improperly removed the action as there is no diversity of citizenship between the parties and the amount in controversy fails to meet the $75,000 threshold. (Dkt. No. 5.)  Plaintiff seeks relief in the form of "compensatory, special and general damages in an amount according to proof at trial, but not less than $1,000,000." (Dkt. No., Ex. A.)  Plaintiff further states that the amount of the Note on the property in question is $440,000 (Id.)  Accordingly, the Court finds that the amount in controversy requirement is satisfied.

The question before the Court is whether, for the purposes of diversity jurisdiction, Wells

Fargo is *also* a citizen of California.[1] See, e.g., Uriarte v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 127497 at *9 (S.D. Cal. Nov. 3, 2011) (holding that Wells Fargo is also a citizen of California, where it has its principal place of business). *But see* Flores v. Wells Fargo Bank, N.A. 2012 US. Dist. LEXIS 32648 (N.D. Cal. March 12, 2012) (finding that Wells Fargo is only a citizen of the state of their main office, South Dakota, and not also of the state of their principal place of business, California.) "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. While the Supreme Court held in Schmidt that a national bank is a citizen of the state in which it main office is located, it did not answer the question as to whether a bank is also "located" in, and therefore a citizen of, the state of principal place of business. Schmidt, 546 U.S. 303, 307 (2006). The Court addresses that question here.

      Defendant Wells Fargo asks this Court to adopt a narrow interpretation of the Supreme Court decision in Wachovia Bank, N.A. v. Schmidt, and find that a national banking association is a citizen *only* of the state in which it has designated its main office. Schmidt, 546 U.S. 303, 307 (2006). Wells Fargo relies on the Eighth Circuit decision in Wells Fargo Bank, N.A. v. WMR e-PIN, LLC and other district court opinions which reject the principal place of business test for purposes of diversity jurisdiction in §1348. Defendant further asserts that American Surety, a Ninth Circuit decision that utilized the principal place of business test to interpret § 1348, is no longer good law and has been held to be inconsistent with the Supreme Court decision in Schmidt. *See* American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir.1943). Defendant also attacks previous First and Fifth Circuit decisions that have held the principal place of business test may be applied to national banks. Horton v. Bank One, N.A., 387 F.3d 426, 436 (5th Cir.2004); Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir.2001). Although Plaintiff's motion to remand fails to directly address Defendant's arguments for removal, this Court has an obligation to review subject matter jurisdiction. *See* Valdez v. All-state Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider *sua sponte* whether [they] have subject

---

[1] Wells Fargo does not contest that its principal place of business is in San Francisco, California.

matter jurisdiction").

The Supreme Court analysis in Schmidt rejected an approach that would consider a national banking association a citizen of every state in which it maintains a branch. Schmidt, 546 U.S. 307 (2006). Rather, for the purposes of § 1348, a "national bank...is a citizen of the State in which its main office, as set forth in its articles of association, is located." Id. The Supreme Court recognized the controlling context of the word "located" in § 1348 as having "no enduring rigidity." Id. at 314 (quoting Citizens & Southern Nat. Bank v. Bougas, 434 U.S. 35 (1977)). In reaching its' decision, the Court refused to address the question of whether principal place of business applied to § 1348. Id. at 315 n.8 ("Other readings mentioned in Court of Appeals opinions are the bank's principal place of business and the place listed in the bank's organization certificate. Because this issue is not presented by the parties or necessary to today's decision, we express no opinion on it"). Furthermore, the Court contemplated the idea that to reconcile 28 U.S.C. § 1348, governing national banks, and 28 U.S.C. § 1332 (c)(1), governing corporations, that a national bank might have to be considered a citizen of the state in which its main office is located *and* the state of its principal place of business. Id. at 317 n.9 ("To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the state of its principal place of business." (citations omitted)).

As the Supreme Court did not determine whether a national bank could also be a citizen where it has its principal place of business, the appellate and district courts have taken two different approaches on the issue. On one hand, the Eighth Circuit and other district courts have held that "located" should be read narrowly to only include the place where the bank has its' main office. *See, e.g.* Wells Fargo Bank, N.A. v. WMR e-PIN , LLC, 653 F.3d 702, 710 (8th Cir. Sept. 2, 2011) ("We reject appellants' claim that Wells Fargo is a citizen of both South Dakota and California..."); Kasramehr v. Wells Fargo Bank N.A., No. CV 11-0551, 2011 U.S. Dist. LEXIS 52930, at *6 (C.D. Cal. May 17, 2011)(concluding that under § 1348, "a national banking association is a citizen of the state of its main office as designated in its articles of association, and

not also a citizen of the state of its principal place of business").[2] On the other hand, several district courts continue to affirm the decisions made by the Fifth and Seventh Circuits, which concluded that a national bank is a citizen of both the state in which its main office is located and the state of its principal place of business. *See* Horton v. Bank One, N.A., 387 F.3d 426, 436 (5th Cir. 2004) ("We hold that the definition of 'located' is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association"); Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001) ("[W]e hold that for purposes of 28 U.S.C. § 1348 a national bank is 'located' in, and thus a citizen of, the state of its principal place of business and the state listed in its organization certificate.") Although these decisions were made prior to Schmidt, numerous district courts have followed this approach, finding Firstar and Horton persuasive. *See, e.g.*, Uriarte v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. Nov. 3, 2011) at *8 ("the Court believes the approach advanced by the Fifth and Seventh Circuits, as well as by Judge Murphy's dissent in WMR, is more consistent with § 1348's legislative history and the Supreme Court's decision in Wachovia v. Schmidt"); Bickoff v. Wells Fargo Bank, N.A., et al. 2013 U.S. Dist. LEXIS 2293 (S.D. Cal. January 4, 2013) at *14 (finding "a national banking association is a citizen of both a state where it has its main office and the state of its principal place of business").[3] Wells Fargo argues that the some district court judges have recently reversed their own decisions, and now hold that the national banks are only citizens of the state in which they have the main office. (Citing Kasramehr, 2011 U.S. Dist. LEXIS 52930 (C.D.

---

[2] A number of district courts in California have embraced this approach post-Schmidt. *See, e.g.*, Silva v. Wells Fargo Bank N.A., 2011 U.S. Dist. LEXIS 64636, 2011 WL 2437514 (C.D. Cal. June 16, 2011); Tse v. Welss Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 6796 (N.D. Cal. Jan. 19, 2011); Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1027-28 (N.D. Cal. 2010); Cal. ex rel. Bates v. Mortg. Elec. Registration Sys., Inc., No., 2010 U.S. Dist. LEXIS 81650 (E.D. Cal. July 21, 2010); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010); Peralta v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 112387 (N.D. Cal. Nov. 16, 2009).

[3] *See also* Inyang v. Resmae Morg. Corp., 2012 U.S. Dist. LEXIS 181975 (C.D. Cal. Dec. 26, 2012); Haqq-Ali v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 124502 (C.D. Cal. Aug. 31, 2012); Brew v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 6796 (E.D. Cal. Jan. 19, 2012); Guinto v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 114986 (E.D. Cal. Oct. 5, 2011); Stewart v. Wachovia Mortg. Corp., 2011 U.S. Dist. LEXIS 85822 (C.D. Cal. Aug. 2, 2011); Goodman v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 63165 (C.D. Cal. June 1, 2011); Gutterman v. Wachovia Mortg., 2011 U.S. Dist. LEXIS 74521 (C.D. Cal. Mar. 31, 2011); Saberi v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS 5286 (S.D. Cal. Jan. 20, 2011); Mount et al. v. Wells Fargo Bank, N.A., 2008 U.S. Dist. LEXIS 98193 (C.D. Cal. Nov. 24, 2008).

Cal. May 17, 2011); Mireles v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 3871 (C.D. Cal. 2012). The Court finds this argument unconvincing. While the Court acknowledges there remains a split of opinion on the issue, the fact remains that district courts continue to follow the Horton and Firstar approach articulated by the Fifth and Seventh Circuit, especially in the Southern District of California where judges have recently affirmed the finding that a national bank is also a citizen of the state of its principal place of business. Bickoff, 2013 U.S. Dist. LEXIS 2293; *See also* Taheny v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 47195, at *1 n.1 (E.D. Cal. Apr. 3, 2012) (listing conflicting decisions issued by district courts within the Ninth Circuit).

Wells Fargo's contention that the Ninth Circuit decision in American Surety is contrary to the Supreme Court decision in Schmidt was most recently addressed by Judge Karlton in the Eastern District of California. In it's motion to remove, Defendant Wells Fargo Bank argues that "American Surety and Schmidt both held for single, but different standards for citizenship. Using the principal place of business test to the exclusion of the main office as American Surety did is simply irreconcilable with Schmidt." (Dkt. No. 1 at 7.) As explained by Judge Karlton, American Surety identified a different possibility for citizenship, without excluding the other possibility as articulated by the Supreme Court in Schmidt, and both possibilities for citizenship are not in conflict. Taheny v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093, 1100 (E.D. Cal. April 3, 2012); *See also* Guinto v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 114986 (E.D. Cal. Oct. 4, 2011)(finding that American Surety is binding, Ninth Circuit authority holding that a national bank is a citizen of the state where it has its principal place of business.) This Court agrees that the Ninth Circuit decision in American Surety remains binding authority.

The remainder of Wells Fargo's arguments have been addressed previously by other district courts, and are otherwise unconvincing.

## CONCLUSION

For the foregoing reasons, the Court finds a national banking association is a citizen of both the state where it has its main office and the state of its principal place of business. Accordingly, as applied to this case, Wells Fargo is a citizen of California. Because complete diversity is lacking the Court hereby **REMANDS** this action to the San Diego County Superior Court and

1  **DISMISSES** Wells Fargo's motion to dismiss as moot.  The motion hearing set for Friday,
2  February 22, 2013 is hereby **VACATED**.
3         **SO ORDERED.**
5  **DATED: February 21, 2013**

_____
**HON. GONZALO P. CURIEL**
**United States District Judge**